IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | |
| v. ) | Criminal Case No. CR-18-00062-001-RAW |
| ) | |
| CHARLES DEWEY SELLERS, III, ) | |
| ) | |
| Defendant/Movant. ) | |

## ORDER

Now before the court is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) ("motion") filed by *pro se* Defendant Charles Dewey Sellers, III. [Doc. 206]. The Government filed a response in opposition to Defendant's motion. [Doc. 208]. Defendant then filed additional documents with the court, including several letters and a reply. [Docs. 209, 210, 211, 212, and 213]. This matter is ripe for ruling.

Defendant pleaded guilty on January 30, 2019, pursuant to a plea agreement, to Drug Conspiracy in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). [Docs. 153 and 155]. The parties agreed, pursuant to Rule 11(c)(1)(C), "that the appropriate disposition is to sentence the defendant within the range of 210 to 262 months in the Bureau of Prisons followed by five years of supervised release." [Doc. 155 at 7]. The United States Probation Office prepared a Presentence Investigation Report ("PSR"). On November 26, 2019, the court sentenced Defendant to 240 months of imprisonment, to be followed by five years of supervised release. Judgment was entered on December 3, 2019. [Doc. 184]. Defendant did not file a direct appeal.

Defendant is an inmate at FCI Memphis. He is 49 years old and his projected release date is October 28, 2034.[1] Defendant seeks compassionate release, again arguing that his father needs a caregiver.[2] [Doc. 206 at 2]. He claims his father "is battling cancer, and his condition has

---

[1]   *See* BOP inmate locator, https://www.bop.gov/inmateloc/ (last visited August 6, 2025).
[2]   Defendant first claimed his father was in need of a caregiver in a previous motion for compassionate release filed on January 5, 2023. [Doc. 190]. The Government filed an objection, and the undersigned entered an order denying the compassionate release motion on April 24,

deteriorated significantly since [his] previous motion." *Id*. Defendant argues that he is the "only caregiver, and without [Defendant's] presence and support, his [father's] health and quality of life will only continue to decline." *Id*. He attaches numerous documents to the motion, including his father's medical records, photographs of cancer on his father's ear, nose, and face, a letter from his father, a letter from Defendant's friend offering a place for Defendant and his father to stay, letters offering employment for Defendant, correspondence between Defendant and the U.S. Embassy in Belize, a copy of Defendant's NRDAP completion certificate, and records from the BOP.

The First Step Act, effective December 21, 2018, amended 18 U.S.C. § 3582(c)(1)(A) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons."[3] *See* First Step Act of 2018, Pub. L. No. 115-391 § 603(b), 132 Stat. 5194, 5239 (2018). In the case at hand, the Government does not dispute that Defendant has exhausted his administrative remedies. [Doc. 208 at 2]. The Government, however, "opposes relief for the reasons this Court denied release in 2023." *Id*. at 3. The Government claims, in part, that Defendant's "[r]elease is not warranted by his father's health." *Id*. at 5. The Government further argues that his "[r]elease would endanger the community and is not warranted under [the] Section 3553(a) factors." *Id*. at 6.

18 U.S.C. § 3582(c)(1)(A) authorizes this court to modify a term of imprisonment, upon a motion filed by a defendant, after the defendant has complied with the statute's exhaustion requirement. A defendant satisfies the exhaustion requirement "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

It appears from the record that this court has authority to consider modification of Defendant's sentence. Defendant requested relief from his warden on August 19, 2024, and the

---

2023. [Docs. 195 and 196]. On May 6, 2024, Defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). [Doc. 199]. The court entered an order denying the motion for sentence reduction on June 12, 2024. [Doc. 204].

[3] Prior to the First Step Act, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons.

motion was filed with the court on October 8, 2024. [Doc. 206-12 at 5]. The Government does not dispute that Defendant has exhausted his administrative remedies. [Doc. 208 at 2]. Accordingly, Defendant is entitled to move this court for relief.

The Tenth Circuit Court of Appeals reviewed the history and text of 18 U.S.C. § 3582(c)(1)(A)(i) and provided the following guidance to courts considering compassionate-release motions:

> Under the plain language of the statute, a district court may thus grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021); *see also United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). The Circuit further explained that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 992 F.3d at 1043 (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)); *see also United States v. Hald*, 8 F.4th 932, 942-43 (10th Cir. 2021) ("If the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

On November 1, 2023, the Sentencing Commission issued an applicable policy statement for compassionate-release motions filed directly by defendants with the courts. U.S.S.G. § 1B1.13(b), Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). Under the policy statement, the Sentencing Commission has determined that "extraordinary and compelling reasons exist" if a defendant establishes any of the following circumstances or a combination thereof:

> (1) Medical Circumstances of the Defendant.--
>     (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples

3

      include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
      (B) The defendant is--
           (i) suffering from a serious physical or medical condition,
           (ii) suffering from a serious functional or cognitive impairment, or
           (iii) experiencing deteriorating physical or mental health because of the aging process,
      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
      (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
      (D) The defendant presents the following circumstances--
           (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
           (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
           (iii) such risk cannot be adequately mitigated in a timely manner.

(2) Age of the Defendant.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(3) Family Circumstances of the Defendant.--
      (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
      (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
      (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
      (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

(4) Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.
>
> (5) Other Reasons.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).
> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(1)–(6).

Defendant argues that his father needs a caregiver, and he attaches numerous documents for the court's review. Defendant claims that he is the only available caregiver for his father. The Government does not challenge the allegations regarding the deterioration in his father's health, nor does the Government doubt the lack of other immediate and available family members. [Doc. 208 at 3]. The Government argues, in part, that Defendant's "[r]elease is not warranted by his father's health." *Id*. at 5.

The court is sympathetic to Defendant's father's circumstances. The court acknowledges that Defendant's father's condition has likely deteriorated significantly since Defendant filed his previous motion. Fortunately, friends of the family and hired help have provided assistance for Defendant's father in recent months. The court is also mindful that "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." *See* U.S.S.G. § 1B1.13(d). Defendant notes that he has "[m]aintained a clean record

with no infractions" over the past few years. [Doc. 206 at 5]. His BOP records show his last hearing date for a disciplinary infraction was in 2021. [Doc. 206-9 at 2]. Defendant has completed various courses, the Non-Residential Drug Abuse Program, and all available recidivism classes, has tutored others in the education department, and has received favorable comments from two unit managers. [Doc. 206 at 5; Doc. 206-8 at 1; Doc. 206-9 at 3; Doc. 206-10 at 1-2]. Moreover, the Government confirms that Defendant "now carries a low-risk recidivism rating and is classified as a low-security risk." [Doc. 208 at 2].

Nevertheless, the court need not further address the existence of extraordinary and compelling reasons at this juncture under *step one* of *McGee*. The court is convinced, yet again, that Defendant's claim for compassionate release fails to satisfy *step three* of *McGee*. A court may deny relief based on the factors under 18 U.S.C. § 3553(a). *See United States v. Hald*, 8 F.4th 932, 943 (10th Cir. 2021).

In the order entered on April 24, 2023, the undersigned concluded that the factors under 18 U.S.C. § 3553(a) did not support Defendant's request for compassionate release. The following analysis was provided by the court:

> The court has also considered the factors set forth in § 3553(a) under step three of the test, and the court would deny the motion *even assuming* Defendant had provided extraordinary and compelling reasons justifying release under step one. Defendant contends that "[t]he § 3553(a) factors, to the extent that they apply, weigh in favor of a reduction in sentence." [Doc. 190 at 11]. The court strongly disagrees.
>
> Defendant is a career offender, and he has a criminal history category of VI. *PSR* at ¶¶ 33, 45. Defendant's inmate profile shows he has a medium-risk of recidivism rating. [Doc. 195-1 at 2]. His criminal history dates back to the mid-1990's. *PSR* at ¶¶ 38-44. He committed the instant offense while under a criminal justice sentence for Glynn County Superior Court, Brunswick, Georgia, case number CR-1300534-063. *Id*. at ¶¶ 44, 45.
>
> On November 26, 2018, while in custody awaiting trial, Defendant attempted to intimidate and threaten a potential Government witness. *Id*. at ¶ 36. The threat was etched into the side of a door frame in one of the USMS interview rooms. *Id*. The etching identified the witness by name with the following words: "is a snitch and will die like W. Bulger." *Id*. On September 16, 2019, while in the Okmulgee County Jail, Defendant was found to be in possession of a cell phone. [Doc. 176 at 2]. He resisted being taken into physical custody, attempted to flush the phone, and struggled with detention officers. *Id*. at 3.

> In the case at hand, the offense conduct was serious. From November of 2017 through June of 2018, Defendant was involved in a conspiracy to distribute methamphetamine. Defendant arranged for a Confidential Source to obtain and transport methamphetamine from California, through the Eastern District of Oklahoma, to Atlanta, Georgia. A total of twenty-one packages of methamphetamine was seized in this matter, "with a total combined weight of 8.97 kilograms of actual methamphetamine." *PSR* at ¶ 22. The Government asserts, and the court agrees, that "[t]his is a significant amount of methamphetamine over a substantial time-period by a defendant whose prior criminal history consists of two felony convictions involving the distribution of methamphetamine and cocaine." [Doc. 195 at 14]. Based upon a total offense level of 35 and a criminal history category of VI, the applicable guideline imprisonment range was 292 months to 365 months. *PSR* at ¶ 62. The following "impact of plea agreement" paragraph was within the PSR:
>
>> There is a plea agreement in the case, pursuant to Rule 11(c)(1)(C). *If the Court adopts the terms of the plea agreement, the imprisonment range is 210 months to 262 months. Therefore, the impact of the plea agreement is a minimum of 82 months [of] incarceration.* Additionally, a stipulation contained within the plea agreement provides that no aggravating role adjustment be applied. Should such adjustment have been applicable absent the plea agreement, *the potential guideline imprisonment range could have been 360 months to Life*, creating a minimum impact of 150 months [of] imprisonment. Further, had an additional two-level adjustment for obstruction related to threatening statements etched onto a door frame of the USMS holding facility been applicable, *the potential guideline imprisonment range could have been 360 months to life*, creating a minimum impact of 150 months [of] imprisonment.
>
> *PSR* at ¶ 63 (emphasis added). On November 26, 2019, the court accepted the plea agreement and Defendant was sentenced to a term of imprisonment of 240 months, to be followed by a five-year term of supervised release.

[Doc. 196 at 7-8].

Approximately two years have passed since the court entered its previous order denying compassionate release. The court has considered Defendant's arguments in conjunction with the § 3553(a) factors, and the court again reaches the same conclusion. The court is encouraged by Defendant's rehabilitation efforts, and Defendant points out that he has completed a higher percentage of his sentence. Defendant is confident that his projected release date will be moved up (with good time credits, for example, and upon completing RDAP) and argues that he has

7

completed an even higher percentage of the time he will actually serve. [Doc. 211 at 3]. Be that as it may, at this time, Defendant's projected release date is October 28, 2034.

The court's analysis in the previous order continues to provide numerous compelling reasons for denying Defendant's motion. In sum, Defendant is a career offender. His prior convictions in Georgia include burglary, possession with intent to distribute methamphetamine, and possession of cocaine with intent to distribute. *PSR* at ¶¶ 42-44. His criminal history dates back to 1995, when he was 19 years old. *Id*. at ¶ 38. At various times between 1997 and 2016, Defendant was in and out of prison in Georgia.[4] He was 42 years old at the time he was arrested in 2018 for the underlying offense. He is now 49 years old and has served less than 50% of his 240-month sentence. As noted in the PSR, the offense conduct in the case at hand was serious. Reducing Defendant's sentence to time served would produce a sentence that no longer reflects the seriousness of Defendant's criminal conduct. Furthermore, to release Defendant from prison at this time would not promote respect for the law or afford adequate deterrence to criminal conduct. The court also has a duty to protect the public. The § 3553(a) factors do not warrant a reduction of his sentence.

Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 206] is DENIED.

It is so ordered this 7th day of August, 2025.

_____
THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA

---

[4] *See* Georgia Department of Corrections, Find an Offender, https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryForm.jsp?Institution= (last visited August 6, 2025).